IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | Case No. 16-mj-0441 |
| **v.** | * | |
| | * | |
| | * | |
| **FELICIA L. SMITH,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's Request to Vacate Guilty Plea for Insufficiency of Evidence (ECF No. 15), the Government's Memorandum of Law in Support of Defendant's Guilty Plea (ECF No. 13), and the Government's Rebuttal Memorandum of Law in Support of Defendant's Guilty Plea (ECF No. 16).  For the reasons stated below, Defendant's request or motion is **DENIED**.

### BACKGROUND

According to the complaint's affidavit of probable cause (ECF No. 1-1) as summarized in the Government's Memorandum of Law in Support of Defendant's Guilty Plea (ECF No. 13),

> [o]n October 24, 2015, the postmaster at the Temple Hills Post Office, Temple Hills, MD called the United States Postal Service Office of Inspector General (OIG) and said there was [a] parcel at the station which was suspected to contain drugs.  An OIG agent told the postmaster to lock the parcel in a secure space for further investigation.  The next day, the postmaster called back and said that the parcel, which had been locked inside her office, had disappeared.
>
> The agent obtained video surveillance from the Temple Hills Post Office. The video showed that on October 24, 2015, the defendant exited the rear door of the Temple Hills Post Office carrying the parcel and placed the parcel into the trunk of her personal vehicle.

> Postal Service records showed that the parcel . . . was mailed from San Diego, California on October 22, 2015, weighing 12 pounds. The parcel contained a return address from [L.T. at an address in San Diego, California]. The parcel was addressed to [D.T. at an address in Temple Hills, Maryland]. [The Temple Hills address] is a part of carrier route 31 out of the Temple Hills Post Office. Postal Service management reviewed letter mail addressed to [the Temple Hills address], and reported no one by the name of [D.T.] resides at that address.
>
> On October 27, 2015, agents interviewed the defendant. She admitted to stealing [the parcel] from the postmaster's office at the Temple Hills Post Office. The defendant, a former employee at the post office, said she received a phone call from a carrier at the Temple Hills Post Office. The carrier told the defendant where the parcel was and asked the defendant to get the parcel for her. The defendant did so. The defendant said the carrier then came to the defendant's house on October 25, 2015, and told her there was marijuana in the parcel. The carrier gave the defendant $1,000 for her efforts. The government never recovered [the] parcel or its contents.

Gov't's Mem. Supp. Def.'s Guilty Plea 1-2, ECF No. 13; *see* Aff. Supp. Criminal Compl. ¶¶ 1-8, ECF No. 1-1. Defendant was charged by criminal complaint with one count of obstructing the passage of the mail in violation of 18 U.S.C. § 1701. Criminal Compl., ECF No. 1. On May 11, 2016, Defendant entered a guilty plea before the Court, but asked the Court to find that the facts alleged by the Government do not support a conviction. ECF No. 14. The parties briefed the issue upon the Court's invitation, and the matter is now submitted.

## DISCUSSION

"Whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined under this title or imprisoned not more than six months, or both." 18 U.S.C. § 1701. Thus, "[t]here are three elements comprising a violation of § 1701: (1) willfully and knowingly; (2) obstructing or retarding; and (3) the passage of the mail." *United States v. Upshaw*, 895 F.2d 109, 110 (3d Cir. 1990). "Passage of the mail means the transmission of *mail matter* from the time of placing in an official depository to the time of delivery to the addressee." *United States v. Fleming*, 479 F.2d 56, 57 (10th Cir. 1973)

(per curiam) (emphasis added); *accord United States v. Lavin*, 567 F.2d 579, 581 (3d Cir. 1977). "[T]he protection of mailed material from obstruction and delay does not end when the material passes legitimately out of the control of the United States Postal Service, but extends until the mailed material is physically delivered to the person to whom it is directed or to his authorized agent." *United States v. Johnson*, 620 F.2d 413, 415 (4th Cir. 1980). "[I]f there is a willful obstruction of the passage of the mail for some illegitimate reason there is a violation of § 1701 if the delay was measurable." *Upshaw*, 895 F.2d at 111. Further, "[t]he standard for judging whether an item is mail is an objective one. A reviewing court must ask 'whether a reasonable person who saw the letter would think it was a letter that was intended to be delivered. It is the appearance which it carries to the postal employee which is crucial.'" *United States v. Gonzalez*, No. S 89 CR. 543 (CSH), 1991 WL 79202, at *2 (S.D.N.Y. May 3, 1991) (quoting *United States v. Hergenrader*, 529 F.2d 83, 85 (8th Cir. 1976)). The purpose of the statute is "to deter people from intentionally interfering with the flow of the mails." *United States v. Almendral*, 961 F. Supp. 224, 229 (N.D. Cal. 1997). "Historically, prosecutions under the predecessors of [§] 1701 have involved 'obstruction' such as the unlawful delay of mail trains and obstruction of the travel of letter carriers." *United States v. Brown*, 551 F.2d 236, 239 n.6 (8th Cir. 1977) (citations omitted).

"Nonmailable matter" under 39 U.S.C. § 3001 includes, among other things, obscene matter "otherwise mailable by law" under 18 U.S.C. § 1461 and "injurious articles" under 18 U.S.C. § 1716, which, in turn, includes controlled substances. United States Postal Service, Publication 52, *Hazardous, Restricted, and Perishable Mail*, § 453.31 (Mar. 2016), http://pe.usps.com/cpim/ftp/pubs/Pub52/pub52.pdf. "Matter is nonmailable also when it cannot be delivered because of an illegible, incorrect, or insufficient address, or when it does not meet

[United States Postal Service] standards for mail preparation, classification, postage prices, size, or weight." *Id.* § 123.5; *see* 39 U.S.C. § 3001(c).

Defendant contends that her actions, as a matter of law, do not meet the elements of obstruction of the mail under 18 U.S.C. § 1701 because "mail" was not involved. She asserts that, because the package contained nonmailable contraband, it was not "mail" for purposes of § 1701. Alternatively, Defendant maintains that she did not obstruct mail because the package already had been removed from the mail stream. Defendant thus requests the Court to vacate her plea of guilty under Fed. R. Crim. P. 11(b)(3) because she maintains that there is an insufficient factual basis to convict her of violating § 1701.

Depositing matter that is nonmailable under 18 U.S.C. § 1716 in the mails does not render such matter "not mail" or "not mail matter" because it is "nonmailable matter" that can be removed from the mail stream, however. Rather, in the Court's view, "[t]he term 'mail matter' means matter deposited in a postal system, any authorized depository, or in official mail channels of the United States." *United States v. Fox*, 48 M.J. 518, 520 (N-M. Ct. Crim. App. 1998) (per curiam), *aff'd*, 50 M.J. 444 (C.A.A.F. 1999). Because the Court agrees with the Government that the package was objectively "mail," *see Hergenrader*, 529 F.2d at 85, Defendant's argument that "mail" or "mail matter" was not involved in this case thus is unavailing.

Defendant alternatively argues that she did not obstruct the passage of mail because the package already had been removed from the mail stream. According to Defendant, because there is no evidence that the package would have been returned to the mail stream, she did not obstruct the "passage of mail." In the Court's view, however, the package neither lost its character as mail nor was removed from the passage of mail when the postmaster locked the package in her office for further investigation. *See United States v. Fisher*, 464 F.2d 581, 582 (9th Cir. 1972)

(per curiam) (holding that decoy letter that "had proper postage stamped on it, was addressed and sealed and was within the area of an official station where mail is being processed" was "mail" under 18 U.S.C. § 1708 proscribing theft or receipt of stolen mail matter); *United States v. Collins*, 349 F.2d 863, 866 (2d Cir. 1965) ("[D]ecoy letters to fictitious addresses, which are intended to detect mail thefts, constitute mail.  Genuine mail temporarily withdrawn from its usual course and treated by government agents for the same purpose is also none the less mail." (citation omitted)).  Rather, the package remained in the passage of mail because it had not reached its addressee.  *See Johnson*, 620 F.2d at 415; *Lavin*, 567 F.2d at 581; *Fleming*, 479 F.2d at 57; *United States v. Hall*, 507 F. Supp. 242, 244 (M.D. Fla. 1980) ("Moreover, the Court notes that because the addressee of the letter containing the check was deceased at the time of the letter's arrival, the letter would have remained in the passage of mail until such time as it was returned to its sender.").  Even if Defendant correctly asserts that the package containing contraband was never going to reach its addressee, the package nonetheless was intended to be conveyed by mail.  *See Kelley v. United States*, 166 F.2d 343, 345 (9th Cir. 1948) (noting that decoy letter is "intended to be conveyed by mail" even though it is mailed by post office inspectors to fictitious addressee and that postal authorities intend to intercept).  For these reasons, Defendant's Request to Vacate Guilty Plea for Insufficiency of Evidence (ECF No. 15) is **DENIED**.

## CONCLUSION

For the reasons discussed above, Defendant's Request to Vacate Guilty Plea for Insufficiency of Evidence (ECF No. 15) is **DENIED**.


Date: September 9, 2016                                      /s/
                                             Thomas M. DiGirolamo
                                             United States Magistrate Judge